# United States Court of Appeals for the Fifth Circuit

No. 20-30502
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2022

Lyle W. Cayce
Clerk

LMPC0402457,

*Requesting Party—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company,

*Objecting Parties—Appellees*,

Garretson Resolution Group, Incorporated, *as Claims Administrator of the Deepwater Horizon Medical Benefits Class Action Settlement Agreement*, *doing business as* Epiq Mass Tort,

*Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-503

No. 20-30502

Before Higginbotham, Higginson, and Duncan, *Circuit Judges.*

Per Curiam:*

Proceeding pro se, Raoul Galan, Jr., claim number LMPC0402457, appeals the district court's order denying his challenge to the *Deepwater Horizon* Medical Benefits Settlement Program Claims Administrator's determination that he did not qualify for class membership. The interpretation of a settlement agreement is a question of law that we review de novo. *BP Expl. & Prod., Inc. v. Claimant ID 100191715*, 951 F.3d 646, 648 (5th Cir. 2020). Under general maritime law, which controls the instant case, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement "should be read as a whole and [its] words given their plain meaning unless the provision is ambiguous." *BP Expl. & Prod., Inc. v. Claimant ID 100094497*, 910 F.3d 797, 801 (5th Cir. 2018) (internal quotation marks and citation omitted).

Here, Galan does not meet the requirements detailed in the settlement agreement's class membership definition because he did not work as a clean-up worker at any time between April 20, 2010, and April 16, 2012, nor did he reside in Zone A or Zone B for at least 60 days within the applicable timeframe. Although he maintains that he is a managing member of Cypress Lake No.I, L.L.C., which owns property in Zone A, only natural persons are contemplated as class members under the settlement agreement, not business entities, and property ownership absent residency does not meet the settlement agreement's definition of a class member. Galan's suggestion that he should be included in the settlement class because he suffers from

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30502

depression and because "mental depression has no geographic boundaries" is at odds with the plain meaning of the class membership definition. To the extent his argument can be construed as an assertion that he is eligible to receive compensation despite failing to meet the class membership definition, such an argument is contrary to the plain meaning of the settlement agreement, which provides that only settlement class members may qualify for compensation. Accordingly, the district court did not err by denying Galan's challenge and upholding the Claims Administrator's determination. *See Claimant ID 100094497*, 910 F.3d at 801.

Finally, Galan has not shown that the Claims Administrator violated his right to due process by requiring him to comply with the terms of the settlement agreement in order to establish class membership and ultimately recover under the settlement agreement. *Cf. In re Deepwater Horizon*, 934 F.3d 434, 445-46 (5th Cir. 2019).

The judgment of the district court is AFFIRMED.